JUDGE LYNCH

08 CV 3587

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
NOBLE RESOURCES SA.,

          Plaintiff,

  - against -

SARL OUEST IMPORT

          Defendant.
------------------------------------------------------X



08 CV
ECF CASE

## VERIFIED COMPLAINT

Plaintiff, NOBLE RESOURCES SA ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, SARL OUEST IMPORT, ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating by virtue of foreign law with an office and place of business in Switzerland.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with an office and place of business in Algeria.

4. Between the periods of March 14, 2005 through December 20, 2005, the parties entered into six separate contracts for purchase, sale and delivery of cargos of sugar.

5. The contracts required that the Plaintiff ship the cargos aboard Vessels for delivery to the Defendant.

6. Four of the six contracts specifically identified the Vessels that were to be used for the shipment of the cargos to the Defendant.

7. Each of the contracts identified shipment quantities of sugar to be carried aboard each Vessel used to transport the cargo.

8. Each of the contracts specified destination ports for the delivery of the cargo and identified specific requirements necessary for the Vessels to transport the cargo.

9. Each of the contracts allowed the nominated Vessels to be substituted in the event of any delays on the part of the buyer.

10. Each of the contracts identified the discharge rates for the cargo, with laytime and demurrage consequences being the responsibility of the Defendant.

11. Each of the contracts required the Defendant to obtain and pay for the marine insurance for the carriage of the cargo.

12. During the course of the performance of the contracts, disputes arose between the parties regarding Defendant's failure to perform under the contract which resulted in demurrage charges which are the responsibility of the Defendant.

13. Pursuant to the contracts, all disputes arising thereunder are to be submitted to arbitration in London.

14. The Plaintiff commenced arbitration proceedings in London, and an Interim Award ("Award") was issued on March 4, 2008 in Plaintiff's favor and against the Defendant in the principal amount of $674,558.23.

15. This Award is for outstanding demurrage charges owed to the Plaintiff and includes a small amount for contract underpayment of one contract. It also includes prejudgment

interest calculated from the date that payment was due until the date of the award, at the rates and in the amounts set out in the schedule to the award.

16. The Award also provides for interest to be paid to the Plaintiff on the principal amount of the claim ($674,558.23), at the rate of 4.1%, from March 4, 2008 until the Award is paid.

17. The Award also provided that the Plaintiff was to reimburse the Defendant in the amount of $843.03, plus interest at the rate of 4.1% from March 4, 2008 until the Award is paid, such that the net principal amount due under the award by the Defendant to the Plaintiff amounts to the principal sum (inclusive of prejudgment interest) of US$ 673,680.64. Interest is due on that sum at the rate of 4.1% from March 4, 2008 until the Award is paid

18. The Interim Award specifically did not make any findings as to the payment of costs of the arbitration or as to the parties legal costs. The Plaintiff, therefore, reserves its right to increase the amount of security sought herein if a Final Award is issued which awards costs and attorney fees to the Plaintiff as against the Defendant arising out of the arbitration referenced herein.

19. Despite due demand by Plaintiff, Defendant has failed to pay any amount due and owing under the arbitration award.

20. Plaintiff now seeks security to enforce the amount of the Award as determined in the arbitration. The Plaintiff has reduced the amount of the Award in its favor by $846.99, which is the amount that the Plaintiff is to pay the Defendant, plus interest calculated thereon, as determined in the Arbitration. The damages sought by Plaintiff are as follows:

    A. Principal award:     $673,680.64
       ($674,558.23 less principal and interest due
       to Defendants as per Award)

|   |   |   |
|---|---|---|
| B. | Interest on principal award:<br>From March 4, 2008 at 4.1% per annum | $27,620.91 |
| **Total** |   | **$701,301.55** |

21. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

22. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or

intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendant, in the amount of **$701,301.55** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
April 15, 2008

The Plaintiff,
NOBLE RESOURCES SA

By: _____
Claurisse Campanale Orozco (CC3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street
Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut   )
                       )   ss.:   Town of Southport
County of Fairfield    )

1. My name is Claurisse Campanale Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, Connecticut
         April 15, 2008

_____
Claurisse Campanale Orozco